IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALEEM M. AKRAM,**

      **Petitioner,**

      **v.**

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

      **Respondent.**

      **CASE NO. 2:14-CV-01432
JUDGE ALGENON L.  MARBLEY
MAGISTRATE JUDGE KEMP**

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the petition, as amended, Respondent's *Return of Writ*, and the exhibits of the parties.  Petitioner did not file a traverse although the Court granted him an extension of time to do so.  For the reasons that follow, the Court  recommends that this action be **DISMISSED.**

### I.  Procedural History

On April 13, 2012, the Fairfield County, Ohio grand jury returned a thirteen-count indictment charging Petitioner with a wide variety of criminal activity, including trafficking in and possession of drugs, tampering with evidence, obstructing official business, identity fraud, and resisting arrest.  *Return*, Ex. 1.  The case was set for jury trial, but prior to trial, and after a pre-trial motion to suppress evidence was denied, Petitioner entered a no contest plea to certain counts of the indictment (others were dismissed as part of the plea bargain).  He was then sentenced to an aggregate prison

term of eight years, with one year suspended in favor of five years of community control.  *Return*, Ex. 11.

Represented by the Public Defender, Petitioner filed a timely notice of appeal. Ex. 12.  He did not file a supporting brief, however, but moved to dismiss the appeal, a motion granted by the Fifth Appellate District Court of Appeals on July 12, 2013.  Ex. 14.

On  May 19, 2014, more than nine months after the appeal was dismissed, Petitioner filed a *pro se* application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  Ex. 15.  He asserted, as cause for the delay (his motion was due 90 days after the dismissal entry was filed), that counsel improperly advised him to dismiss his appeal and pursue post-conviction relief.  He claimed that his own research, conducted after he arrived at an institution with a law library, convinced him that he had meritorious issues to pursue on direct appeal.   The State opposed the motion as untimely and as lacking merit.  In a judgment entry filed on June 20, 2014, the state court of appeals held that Petitioner had not shown good cause for his delay, specifically noting that 202 days had elapsed between Petitioner's arrival at an institution with a law library and the filing of his motion to reopen.  Ex. 17.   Petitioner filed a timely appeal to the Ohio Supreme Court.  On October 22, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4), which sets forth various reasons why the Supreme Court might decline to accept an appeal.  Ex. 23.

On September 2, 2014, Petitioner filed this federal habeas corpus case.   He asserted five grounds for relief: (1) that he was denied his right to have a jury determine

his sentence; (2) that the trial court violated Rule 11 of the Ohio Rules of Criminal Procedure by advising him that his sentences could be run consecutively to each other; (3) that he was denied the effective assistance of trial counsel because his attorney failed to seek an interlocutory appeal of the denial of his motion to suppress, failed to object to the trial court's statement that he could be sentenced to consecutive terms of incarceration on allied offenses of similar import, and failed to advise Petitioner that he would serve at least two years incarceration when Petitioner was under the impression that he could receive community control in lieu of prison; (4)  that he was denied the effective assistance of appellate counsel when the ineffective assistance of counsel claim was not raised on direct appeal;  and (5) that the trial court improperly denied his motion to suppress evidence.  On October 7, 2014, Petitioner amended his petition to assert that the trial court violated *Blakely v. Washington*, 542 U.S. 296 (2004) by imposing the maximum sentence.  It is the position of the Respondent that all of Petitioner's claims are procedurally defaulted, or alternatively, that they lack merit.

## II.  Procedural Default

### A.  Legal Standard

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the

state courts for consideration. 28 U.S.C. § 2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982 (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process.  This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state

procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the

state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards,* 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such

circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

## B.  Analysis

Every ground for relief which Petitioner asserts in his federal habeas corpus petition, with the exception of his claim of ineffective assistance of appellate counsel, involves something that happened at the trial court level, and the evidence relied on by Petitioner in support of such claims is apparent from the face of the record - that is, additional evidence beyond what directly appears from the record is not needed in order to support the claim.    Under Ohio law, the only proper way to raise claims apparent from the face of the record is through a direct appeal.   "Ohio courts have consistently held that claims that can be adjudicated based on facts in the record can only be presented on direct appeal." *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

Petitioner did file a direct appeal, but he withdrew it.  As a result, none of the claims he raises here (again, except for his ineffective assistance of appellate counsel claim) were ever presented to the Ohio courts and none were decided on their merits.

Ohio law provides that further consideration of an issue not raised on direct appeal is barred by the doctrine of *res judicata*.  That has been the law in Ohio for some time.  *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St. 2d 175 (1967).  This Court has consistently determined that Ohio's *res judicata* rules serve important state interests in the finality of criminal convictions.  *See, e.g. Wiley v. Banks*, 2013 WL 1663962 (S.D. Ohio Apr.17, 2013), *adopted and affirmed* 2013 WL 3350668 (S.D. Ohio July 3, 2013).  Further, this Court has consistently enforced procedural defaults arising from the failure to pursue a claim on direct appeal even when the Ohio courts have not applied the doctrine of *res judicata* because they were never presented with the occasion to do so.  *See Buell v. Mitchell, supra*, holding that a procedural default could be enforced concerning a claim never presented to them because "the Ohio courts could not invoke a procedural rule against claims that were not brought before [them]."  The first three *Maupin* factors are therefore satisfied here.

The only cause which Petitioner asserts for his failure to pursue a direct appeal is ineffective assistance of appellate counsel, an argument he raised in his Rule 26(B) motion filed with the state appellate court.  As noted above, ineffective assistance of

counsel, if it rises to the level of a constitutional violation, may excuse a procedural default.  However, a habeas petitioner may not simply argue to the federal court that his state court attorney was ineffective; he must also present that claim to the state courts first, and do so in a proper way so that they may consider whether the claim has merit.  If he does not, and procedurally defaults his ineffective assistance of counsel claim, he cannot rely on it as a basis for resurrecting other claims which were defaulted as well.

The Court notes, first, that the only issues which Petitioner identified in his Rule 26(B) motion as having merit, and which, in his view, appellate counsel should have raised, are (1) a Fourth Amendment claim relating to the search and seizure of evidence and (2) a claim that both counsel and the trial court erred in not telling him he was facing a mandatory sentence on the drug trafficking charge.  *See* Ex. 15.  That being so, he never argued to the state courts that his appellate attorney was ineffective for failing to raise any of the other claims which he now attempts to raise here.   At a minimum, his claims about having a jury determine his sentence - grounds one and six - were defaulted simply because he did not assert in state court that his appellate attorney was ineffective for not having raised them on appeal.  Since he did not make that argument at all to the state court, he cannot make it here, either.

Beyond that failure, however, Petitioner also did not get the state courts to review his ineffective assistance of counsel claims on their merits because he filed his Rule 26(B) motion too late.  That is also a procedural default.  *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007) held that, using the *Maupin* factors, the time limit found in Rule

26(B) is a valid state procedural rule and that it is an adequate and independent ground for denying relief.  Thus, the question again becomes whether Petitioner can show that some external factor prevented him from filing a timely Rule 26(B) motion.

In state court, Petitioner claimed that he could not have filed a timely motion because the 90-day time period elapsed before he was transferred to an institution which had a law library where he could research the issues that should have been presented on appeal.  He conceded, however, that he arrived at the Pickaway Correctional Institution on October 29, 2013.  He did not file the Rule 26(B) motion until May 19, 2014.  It was that delay, and not the initial delay while Petitioner was at the Hancock County jail, which the state court focused on in determining that the Rule 26(B) motion was untimely.  This Court is not convinced that the circumstances described in Petitioner's motion excused his delay or justified his untimely filing.  Consequently, the Court agrees with Respondent that all of Petitioner's claims - including his ineffective assistance of appellate counsel claims - were procedurally defaulted.

Beyond the four-part *Maupin* analysis, this court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491*; see also Sawyer v. Whitley*, 505 U.S. 333 (1992). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623.

The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir.2005).

The record fails to reflect that Petitioner is actually innocent. He entered a no contest plea to the charges, and the State established, through testimony, that he was in possession of drugs in distribution quantities. None of his claims go to the issue of guilt. Under these circumstances, he cannot use the "actual innocence" exception to obtain review of his claims by this Court.

### III.  Recommended Disposition

For all of these reasons , the Court recommends that the petition for a writ of habeas corpus be denied and that this action be **DISMISSED**.

### IV.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge