IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEEM M. AKRAM,

    Petitioner,

    v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-01432
JUDGE ALEGNON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On February 1, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 16). On that same date, Petitioner filed a *Motion to Stay Proceeding/Hold in Abeyance* (ECF No. 17). He also has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 19).

For the reasons that follow, Petitioner's *Motion to Stay Proceeding/Hold in Abeyance* (ECF 17) is **DENIED.** This action is **DISMISSED**, without prejudice to re-filing, upon completion of state court proceedings. Petitioner's *Objection* (ECF No. 19) is **DENIED**, as moot.

This case involves Petitioner's underlying criminal convictions made pursuant to his January 15, 2013, guilty plea in the Fairfield County Court of Common Pleas to two counts of aggravated trafficking in drugs, and two counts of possession of drugs. (ECF No. 11-1, PageID# 157-58.) On September 2, 2014, Petitioner filed the instant habeas corpus petition, asserting that he was denied his right to have a jury determine his sentence; that the trial court violated Rule 11 of the Ohio Rules of Criminal Procedure by advising him that his sentences could be run

consecutively to each other; that he was denied the effective assistance of trial counsel; that he was denied the effective assistance of appellate counsel; that the trial court improperly denied his motion to suppress evidence; and that the trial court violated *Blakely v. Washington*, 542 U.S. 296 (2004) by imposing the maximum sentence. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted.

However, Petitioner indicates that, on December 10, 2015, the trial court granted his motion to withdraw his guilty plea, and that the matter was scheduled for a "pretrial hearing" on January 29, 2016. *Objection* (ECF No. 19, PageID# 541.) Petitioner therefore requests that the Court hold proceedings in abeyance, or dismiss this action without prejudice to re-filing upon completion of state court proceedings. (PageID# 543.) Respondent acknowledges that the trial court has granted Petitioner's motion to withdraw his guilty plea and appointed counsel to represent Petitioner on the criminal charges which now remain pending against him.

Under these circumstances, this case is not ripe for consideration by this Court. Petitioner no longer remains convicted under criminal charges under attack. A stay of proceedings would not be appropriate since the trial court has granted Petitioner's motion to withdraw his guilty plea. Further, it does not appear that the one-year statute of limitations would bar Petitioner from re-filing this habeas corpus petition after completion of state court proceedings.

Therefore, Petitioner's *Motion to Stay Proceeding/Hold in Abeyance* (ECF 17) is **DENIED.** This action is **DISMISSED**, without prejudice to re-filing, upon exhaustion of state court remedies. Petitioner's *Objection* (ECF No. 19) is **DENIED**, as moot.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**DATED: March 22, 2016**                        **United States District Judge**